**WATSON et v McKELVEY**

Ohio Appeals, 7th Dist, Mahoning Co

No 2410.   Decided October 1937

Hoppe, Lee, Day & Ford, Warren, and Raymond Falls, for plaintiffs-appellants.

Manchester, Ford, Bennett & Powers, Youngstown, for defendants-appellees.

**OPINION**

By ROBERTS, J.

This action was commenced in the Court of Common Pleas by the plaintiffs in the

above entitled caption, who alleged, in substance, in their second amended petition that they are husband and wife; that at the time hereinafter mentioned Emery L. McKelvey was the Vice President and General Manager of The G. M. McKelvey Company, a corporation operating a large department store in the City of Youngstown; that in general charge and control of the business of said store he was authorized to hire employes, fix and determine their salaries for services and to determine his successor as general manager for the corporation. Said Emery L. McKelvey died on the 24th day of June, 1933, and Mary E. McKelvey, his wife, was the duly appointed, qualified and acting executrix of his estate; that in the month of January, 1927, Emery L. McKelvey, as such vice president and general manager of said McKelvey corporation, employed the plaintiff, Luther O. Watson, as assistant general manager of the business of said company; that Mary E. McKelvey at that time, and ever since, was the owner of the legal title to certain real estate theretofore occupied by her and her husband as a family residence, and that her husband acted as her agent in matters connected with the ownership of said company; that between the month of January, 1927, and April 10, 1928, the said McKelveys, husband and wife, repeatedly represented to the plaintiffs that it was essential to the highest efficiency of the plaintiff, Luther O. Watson, as assistant general manager, as aforesaid, that they maintain a high business and social standing and prestige; and to that end since the plaintiffs were not residents of Youngstown prior to January, 1927, they should maintain close personal and business contact with the defendant, Mary E. McKelvey, and her husband, and should seek and follow their advice and directions regarding their business and social activities in order to maintain high social and business standing and prestige to the financial advantage of the said McKelvey company; that said McKelveys advised said Watsons that they should purchase a home worthy of the standing and prestige they should maintain, and that they should purchase the home theretofore occupied by the McKelveys in order to reside in a suitable neighborhood near a new home then being constructed by the defendants McKelveys; that said residence was of a fair value of not less than $35,625.00. Plaintiffs protested that they were not financially able to purchase and maintain a home of such cost and value as that which the McKelveys

desired to sell them, but that Emery L. McKelvey represented that it was essential to the maintenance of the proper social and business standing in the interests of the company, and that he had complete power and authority in the premises, and would see that the plaintiff, Luther O. Watson, was permanently employed by The G. M. McKelvey Company at a salary of not less than $12,000 a year, plus a bonus of not less than $4,000 a year; that the purchase price of the property could be paid solely out of such bonus; that he himself was planning to retire shortly and had authority to and would name the plaintiff. Watson, as general manager of the company to succeed him; that he would take care of him; that the plaintiffs would have no financial difficulty in purchasing and maintaining said property, to be paid for solely out of said salary and bonus so to be received from the McKelvey Company. These representations, so made, were oral. With complete faith and confidence in the said McKelveys, the plaintiffs believed and relied upon the representations aforesaid, and, so relying, on or about April 10, 1928, executed and delivered a written contract, erroneously dated April 10, 1927; likewise executed and delivered by the defendant McKelveys, husband and wife, and thereby agreed to purchase from Mary E. McKelvey said residence property, not necessary for present purposes to describe in detail; that said contract provided that the plaintiff should pay therefor to the defendant, Mary E. McKelvey, the sum of $35,-625.00, $125.00 cash in hand, the receipt whereof was therein acknowledged, $5500.00 on the 15th day of March, 1928, and $4,000 on the 15th day of March annually thereafter for seven and one-half years, together with interest on deferred payments at the rate of six per cent per annum, payable semi annually; that in case the plaintiff should make default thereunder, the defendant, Mary E. McKelvey, might if she so elect treat such contract as wholly void, re-enter the premises without serving a notice to quit the same, and that thereafter all rights of the plaintiffs should be terminated and forfeited and without any further liability to the plaintiffs; that they should keep the house insured for not less than $25,000.00, and pay all premiums therefor and pay all taxes and assessments thereon. The plaintiffs entered upon the premises upon the performance of said contract, and thereafter paid, as shown by an itemized statement in said petition, from April 10, 1928, to March 15, 1933, $16,625, and upon

interest $6941.23. It is further alleged that said property was not in fact worth the sum of $35,625.00, as represented by the defendant Mary E. McKelvey, and her husband, or any sum in excess of $25,000; that they well knew that the plaintiffs trusted and relied upon them as social and business confidants and advisers, trustees and friends, and that the plaintiffs had no knowledge of real estate values in the city of Youngstown; that such representations were made solely for the purpose of persuading the plaintiffs to enter into a contract for the purchase of the property aforesaid as soon as the new home of the McKelveys could be completed, and without any intention on the part of the McKelveys of carrying out to the completion of such contract their representations and promises of future employment and bonuses, by means of which alone it might be possible for the plaintiffs to complete the payments for the property as aforesaid.

It is further alleged that subsequently the salary and bonus of the plaintiff, Luther O. Watson were reduced from $12,000 and $4,000 respectively, to $10,000 and nothing, and ultimately, on May 16, 1933, the plaintiff, Luther O. Watson, was discharged from his employment by Emery L. McKelvey, as general manager of the McKelvey Company, in breach of faith and of the promises of himself and his wife to these plaintiffs, and it was thereby rendered impossible for these plaintiffs to complete the contract for the purchase of the real estate aforesaid. Thereupon, by reason of the foregoing, plaintiffs rescinded the contract aforesaid and tendered to the defendant, Mary E. McKelvey, and Emery L. McKelvey, in his lifetime, a return and cancellation of the contract aforesaid, and demanded the restitution to them of the sums of money theretofore paid by them on account of such contract, and the real estate covered thereby, which tender the said defendants refused, and the plaintiffs do hereby tender into court and deposit with the clerk their counterpart of the contract aforesaid, and offer to deliver the same, cancelled and terminated, to the defendants upon restitution of the amount paid on account thereof, or such other amount as may be reasonable and proper, to be determined herein. Wherefore the plaintiffs pray judgment against the defendants, and each of them, in the sum of $27,423.98, together with interest thereon, from the several dates of payment thereon after April 10th, 1928.

Thereafter and after the interposition of several intermediate pleadings and disposition thereof, the defendant, Mary E. McKelvey, filed her individual answer to the plaintiffs' second amended petition, in which she admits that the plaintiffs are husband and wife; that at the times mentioned in plaintiffs' second amended petition and during his life time Emery L. McKelvey was vice president and general manager of the G. M. McKelvey Company, operating a department store in the city of Youngstown; that said Emery L. McKelvey died on the 24th day of June, 1933; that she is the duly appointed, qualified and acting executrix of his estate; that she held legal title to said real estate described in the plaintiffs' petition; that on or about the 10th day of April, 1928, the plaintiffs, as purchasers, the said answering defendant as vendor, and her said husband, Emery L. McKelvey, executed a certain written contract covering said real estate, copy of which contract is attached, marked Exhibit A, and made a part of this answer, and that the Watsons entered upon the premises, took possession thereof and ever since have occupied same as a place of residence. The defendant denies each and every other allegation in said second amended petition, save only those herein specifically admitted to be true.

After making allegations with regard to the entering into of said real estate contract, the defendant says that the Watsons failed to pay the installments required under said contract, have been in default for more than five years for same and that by reason of such breach of contract the answering defendant has been damaged in the sum of $19,000 with interest at six per cent. For a second cause of action the defendant alleges that the Watsons did not keep their premises insured as agreed by them, and have not paid taxes and assessments as agreed, and that the answering defendant has been compelled to, in the protection of her property, pay large sums in this behalf; that by reason of the failure of the Watsons to perform the terms of said contract, the defendant is entitled to have said premises sold and the proceeds applied to the settlement of the sums due to the answering defendant. Wherefore she prays that said second amended petition may be dismissed, the plaintiffs be required to set forth in this action whatever claim they have against said premises, or be forever barred from asserting the same, prays for judgment against the plaintiffs upon her first cause of action in said cross petition in the sum of $19,000.00, with interest at six

per cent; upon her second cause of action the sum of $1219.68; that said land contract may be foreclosed, that the said premises may be sold and the proceeds applied to the payment of said sums due to the defendant, and for such other and further relief as equity and the nature of the case may require.

The cause came on for trial in the Court of Common Pleas September 14, 1936, a jury duly empanelled and sworn, an opening statement was made for the plaintiffs and also for the defendants. These statements of counsel for the respective parties involved considerable time, discussion and citation of authorities concerning the issue and the nature of the issues to be presented. The court gave some instructions to the jury concerning the nature of the issues. A witness was finally called by the plaintiffs. After considerable further discussion the court sustained an objection to the introduction of any evidence on the ground that the second amended petition does not state facts sufficient to constitute a cause of action and directed a verdict in favor of the defendant on the second amended petition and entered judgment upon such verdict and continued the case for future hearing upon the cross petition of the defendant for foreclosure of the land contract.

Plaintiffs claim in brief and argument that the Court of Common Pleas erred in sustaining the objection to the introduction of evidence and in not granting leave to further amend the second amended petition. It is learned from the bill of exceptions that counsel for defendant presented and argued nine propositions in support of defendant's objection to the introduction of evidence, the court sustaining one ground and not passing upon the other eight grounds. This action has been brought in this Court of Appeals seeking a reversal of the action of the lower court in so sustaining such objection to the introduction of any testimony. The grounds so claimed as requiring a rejection of testimony on the part of the plaintiff, which were presented and urged by counsel for the defendants are as follows:

"(1) Plaintiffs do not, and can not under the admitted facts, allege that at the time of alleged rescission and prior to the commencement of the action, they placed the defendant in statu quo by surrendering to defendant possession of the property purchased by the land contract. Being admit-

tedly still in possession, plaintiffs cannot cure the defect by amendment.

"(2) Plaintiffs do not, and cannot under the admitted facts, allege that at the time of alleged rescission and prior to the commencement of the action, they placed the defendant in statu quo by paying or tendering payment or credit for the fair rental value of the use of the premises during their full period of possession under the land contract.

"(3) The second amended petition does not state facts sufficient to constitute a cause of action for the reason that none of the alleged misrepresentations is sufficient to constitute a basis of fraud, not being of a past or existing fact, but instead four of them being future promises and the remaining one a mere opinion as to value.

"(4) The second amended petition does not state facts sufficient to constitute a cause of action because the four future promises and one opinion as to value on which the alleged action is based being oral can not be alleged or proven to modify or add to the terms of the land contract, because of the statute of frauds, which requires the same all to be in writing, both because the land contract if orally modified as alleged was not to be performed within one year and because it was a sale of an interest in land.

"(5) The second amended petition does not state facts sufficient to constitute a cause of action because the four future promises and one opinion as to value being oral cannot be alleged or proven, because of the parol evidence rule, which does not permit so modifying or adding to the terms of a written contract.

"(6) The second amended petition does not state facts sufficient to constitute a cause of action against the defendant, Mary E. McKelvey, because any alleged promises by Emery L. McKelvey to Luther O. Watson as to the employment, salary and bonus by The G. M. McKelvey Company would be in his capacity as agent of that company and would bind that company only, and would not bind the defendant, Mary E. McKelvey, in the sale of her residence, she holding no office with said company, as known to Luther O. Watson, who had been assistant general manager of said company for fifteen months before signing the land contract, as appears from the allegations of the second amended petition.

"(7) The second amended petition does not state facts sufficient to constitute a

cause of action because under its allegations the plaintiffs do not come into court with clean hands, alleging as they do for their principal complaint that plaintiffs signed the land contract because of the alleged promises by defendant's husband of increased salary and bonus to be paid to one of the plaintiffs by the common employer of the two interested husbands, such a promise constituting a fraud upon and disloyalty to their common employer for plaintiffs' benefit.

"(8)  The second amended petition does not constitute a cause of action because the plaintiffs had waived the remedy of rescission by suing for damages in their original and first amended petition which are a part of the record of which the court takes notice.

"(9)  The second amended petition does not state facts sufficient to constitute a cause of action because, in a jury trial, neither the jury nor the court could restore possession to the defendant nor fix rental for the full period of occupancy, the date of future vacation of the premises by plaintiffs being unknown."

The Common Pleas Court sustained said objection upon the first of said nine grounds, and it is said that this action should be reversed upon the sustaining of said ground by the Court of Common Pleas. Without taking time or space to comment upon the argument of counsel for the McKelveys in support of the conduct of the Court of Common Pleas in so recognizing said first ground, it may be said that counsel seemed to have made an exhaustive examination and citation of authorities' upon this proposition, which may be found on pages 9 to 13, inclusive, of the brief of counsel for defendants and appellees, the representatives of the McKelveys. Attention is directed to a consideration of these authorities, which in the opinion of this court, after careful consideration in connection with the oral argument, the nature of the claims of the contesting parties, the arguments made and the authorities cited upon each side, conclude and find that the Court of Common Pleas did not err in sustaining the objection to the introduction of testimony by attorneys for plaintiffs and appellants; that no prejudicial or reversible error resulted in so doing. The judgment of the Court of Common Pleas in this connection and in this respect is affirmed. This conclusion has been reached by a consideration of the first of said grounds, so designated, which was considered by the Court

of Common Pleas, and by that court found determinative of the issues.

It is said, however, in brief by counsel for the defendants and appellees, that to reverse the action of the lower court it would be necessary for this court to find that none of the nine grounds urged by the defendant was well taken. This court, it will be observed, is not reversing the lower court, but finding that the conduct of the lower court was without error in sustaining the motion of counsel for defendants and appellees upon said first ground. This court has therefore not thought it necessary to determine the force and effect of the remaining eight grounds which were not considered by the trial court. Presumably, however, it would have been the duty of the Court of Common Pleas to sustain the motion, as was done, if justified and required by any of the other grounds so presented for consideration.

The court was not in error under the circumstances of the case in refusing the preferred amendment by interlineation.

Judgment of the Court of Common Pleas affirmed.

NICHOLS and CARTER, JJ, concur.